IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD NEAL WINFREY, JR., <br> TDCJ NO. 1365252, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM STEPHENS, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-14-3449 |

## MEMORANDUM OPINION AND ORDER

Clifford Neal Winfrey, Jr., has filed a federal Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging a state court felony conviction. The Petition will be dismissed as successive.

Winfrey's habeas Petition challenges a felony conviction and 40-year sentence for murder. State v. Weems, No. 10298859 (174th Dist. Ct., Harris County, Tex.). His sole ground for relief is that he was denied effective assistance of counsel at trial. (Docket Entry No. 1, p. 6) Winfrey asserts that he entered a guilty plea to the trial court. Id. at 3. After the court found him guilty and pronounced his sentence, Winfrey filed a direct appeal of the conviction. The Court of Appeals for the First District of Texas affirmed the trial court's judgment. Winfrey v.

State, No. 01-06-00473, 2007 WL 1844425 (Tex. App. -- Hous. [1st Dist.] 2005, pet. ref'd). Winfrey then filed a Petition for Discretionary Review (PDR), which the Texas Court of Criminal Appeals refused on January 16, 2008. No Petition for a Writ of Certiorari was filed.

Winfrey filed a state application for a writ of habeas corpus, which the Texas Court of Criminal Appeals dismissed because his direct appeal was still pending. Ex parte Winfrey, No. 69,907-01 (Tex. Crim. App. June 4, 2008). He then filed a second state habeas application, which the Court of Criminal Appeals denied without a written order. Ex parte Winfrey, No. 69,907-04 (Tex. Crim. App. April 9, 2014). See Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/.

On January 17, 2013, during the pendency of the second state habeas application, Winfrey filed a federal petition for a writ of habeas corpus in which he also contends that he was denied effective assistance of counsel at trial. Winfrey v. Thaler, No. H-13-0253 (S.D. Tex.). The federal district court issued an order staying the proceedings pending the outcome of the state habeas action. The federal habeas petition is still pending before the court. Id.

This action is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which bars as successive federal habeas challenges to a state court conviction. 28 U.S.C. § 2244(b). The

primary purpose of this requirement is to prevent petitioners, such as Winfrey, from repeatedly attacking the same convictions and sentences. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Because of the prior federal petition, Winfrey must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3); Propes v. Quarterman, 573 F.3d 225, 229 (5th Cir. 2009). There is no indication that the Fifth Circuit has granted permission for Winfrey to file the current Petition. Without such authorization, this action must be dismissed for lack of jurisdiction. Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). The dismissal is without prejudice to Winfrey seeking relief in Cause No. H-13-0253.

If Winfrey seeks to appeal the dismissal of his Petition, he must first obtain a Certificate of Appealability (COA). See 28 U.S.C. § 2253; Cardenas v. Thaler, 651 F.3d 442, 443 (5th Cir. 2011). In order to obtain a COA, Winfrey must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). A COA shall be denied because this action is clearly barred, and Winfrey has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

## Conclusion and Order

The court **ORDERS** the following:

1. This Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

3. A Certificate of Appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner; and a copy of the Petition and this Memorandum Opinion and Order to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 4th day of December, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE